JUSTIN A. BRACKETT (HI Bar No. 9954)
1888 Kalakaua Avenue, Suite C-312
Honolulu, HI 96815
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, LLLC
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Email: rholcomblaw@live.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GUY TABBAL, | ) CASE NO._1:14-CV- 510 |
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR |
| | ) DAMAGES DECLARATORY |
| ENCORE CAPITAL GROUP, INC., | ) AND INJUNCTIVE RELIEF, |
| MIDLAND FUNDING, LLC, and | ) EXHIBITS ONE THROUGH |
| MIDLAND CREDIT | ) FOUR, and VERIFICATION |
| MANAGEMENT,INC., | ) |
| Defendants. | ) JURY TRIAL REQUESTED |
| | ) |

## COMPLAINT

## INTRODUCTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

2.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.  This is also an action for damages against the Defendants for unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Sections 443B-18, 19, and 20 of the Hawaii Revised Statutes.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.     Plaintiff Guy Tabbal (hereinafter "Plaintiff" and/or "Mr. Tabbal") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "Debtor" as that term is defined by Haw. Rev. Stat. § 443B-1.

5.     Defendant Encore Capital Group, Inc. (hereinafter "Defendant Encore") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, and maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its

registered agent for service of process.

6.    Defendant Midland Funding, LLC (hereinafter "Defendant Midland Funding") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Encore, and that maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process.

7.    Defendant Midland Credit Management, Inc. (hereinafter "Defendant Midland" or "Midland") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Kansas that is a wholly owned subsidiary of Defendant Encore, and maintains Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, KS  66614, as its registered agent for service of process.

8.    Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9.    Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal,

family or household purposes, and this debt is therefore a "debt" as that term

is defined by 15 U.S.C. § 1692a(5).  More specifically, this debt is a credit

card debt originally owed to or serviced by HSBC Bank Nevada, N.A.

10.   Defendants use mail in their businesses.

11.   Defendants use telephone communications in their businesses.

12.   The primary purpose of all Defendants' businesses is the collection of

debts.

13.   Defendants regularly collect, or attempt to collect, debts owed, or due,

or asserted to be owed or due to another.

14.   Defendants are all debt collectors subject to the provisions of the Fair

Debt Collection Practices Act.

### _May 15, 2013 Collection Letter from Defendant Midland_

15.   Mr. Tabbal received a collection letter from Defendant Midland dated

May 15, 2013. (See attached Exhibit One).

16.   The May 15, 2013 collection letter identified HSBC Bank Nevada,

N.A. as the "Original Creditor" and the last four digits of the "Original

Account No." was listed as 7043. (Exhibit One).

17.   The May 15, 2013 collection letter asserts that "Midland Funding, LLC

has purchased your HSBC BANK NEVADA, N.A. account and Midland

Credit Management, Inc. ("MCM"), a debt collection company, is the new

servicer of this obligation." (Exhibit One).

18.    The May 15, 2013 collection letter stated, "Make check payable to: Midland Credit Management, Inc." (Exhibit One).

19.    The May 15, 2013 collection letter demanded the "Current Balance" of $6,702.54 on the account as of May 15, 2013.  (Exhibit One).

20.    The May 15, 2013 collection letter assigned an MCM account number of 8559305484.  This is not the account's original number.  (Exhibit One).

### *February 11, 2014 Collection Letter from Defendant Midland*

21.    Mr. Tabbal received another collection letter from Defendant Midland dated February 11, 2014. (See attached Exhibit Two).

22.    The February 11, 2014 collection letter identified HSBC Bank Nevada, N.A. as the "Original Creditor" and the last four digits of the "Original Account No." was listed as 7043. (Exhibit Two).

23.    The February 11, 2014 collection letter demanded the "Current Balance" of $8,006.16 on the account as of February 11, 2014.   (Exhibit Two).

24.    The February 11, 2014 collection letter assigned an MCM account number of 8559305484.  This is not the account's original number.  (Exhibit Two).

25.    The February 11, 2014 collection letter stated: "Midland Credit

Management, Inc. has made several attempts to contact you regarding this account." (Exhibit Two).

26.    The February 11, 2014 collection letter asserts: "Current Owner: Midland Funding, LLC." (Exhibit Two).

27.    The February 11, 2014 collection letter further asserts:

> As of the date of this letter, you owe the amount listed in this letter as Current Balance. This amount will remain the amount due, until the Due Date listed on the front side of this letter. If we do not receive the Minimum Payment by the Due Date, the amount you owe may be greater because of interest that may vary from day to day. In the event you fail to complete arrangements, interest will be applied from the date it was stopped and added to the Current Balance. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 939-2353.

See Exhibit Two.

28.    The February 11, 2014 collection letter goes on to provide "ADDITIONAL ACCOUNT INFORMATION:" in a "STATEMENT" as follows:

| Current Owner: Midland Funding, LLC | Due Date: 03-13-2014 |
|---|---|
| MCM Account Number: 8559305484 | Date Received: 02-11-2014 |
| Original Creditor: HSBC Bank Nevada, N.A. | Previous Balance: $6,702.54 |
| Original Account #: | Interest Rate: 10% |

| XXXXXXXXXXXX7043 | |
| --- | --- |
| | |
| Transactions | Amount |
| Previous Balance | $6,702.54 |
| Accrued Interest | $1,303.62 |
| Current Balance | $8,006.16 |

See Exhibit Two.

29.     Mr. Tabbal disputes that the interest rate on his HSBC account was ever 10.00%.

30.     Mr. Tabbal disputes that the interest could vary from day to day on his HSBC account.

### *August 12, 2014 Collection Lawsuit filed by Defendant Midland Funding*

31.     Mr. Tabbal received a collection lawsuit from Defendant Midland dated August 12, 2014. (See attached Exhibit Three).

32.     The August 12, 2014 collection lawsuit identified HSBC Bank Nevada, N.A. as the "Original Creditor" and the last four digits of the "Original Account No." was listed as 7043. (Exhibit Three).

33.     The August 12, 2014 collection lawsuit asserts, "Plaintiff(s) [Midland Funding, LLC] asks for Judgment in the principal amount of $6,702.54." (Exhibit Three).

34.   The August 12, 2014 collection lawsuit is signed by Defendant Midland Funding's attorney Renee M. Furuta. (Exhibit Three).

### *June 6, 2014 Collection Affidavit from Defendant Midland Funding*

35.   On June 6, 2014, Mycah Struck, a representative of Defendant Midland Funding, prepared an Affidavit.

36.   The June 6, 2014 affidavit acknowledges an MCM account number of 8559305484 and HSBC Bank Nevada, N.A. account number ending in 7043. (Exhibit Four).

37.   Ms. Struck asserts that she is a "Legal Specialist" and has "personal knowledge of thos account records maintained on [Defendant Midland Funding]'s behalf." (Exhibit Four).

38.   The June 6, 2014 affidavit asserted:  "MCM's records show that the defendant(s) owed a balance of $6702.54 as of 2014-05-05." (Exhibit Four).

### *September 23, 2014 Collection Letter from Defendant Midland Funding's Attorney*

39.   Mr. Tabbal received another collection letter from Defendant Midland, through its attorney dated September 23, 2014. (See attached Exhibit Three).

40.   The September 23, 2014 collection letter identified HSBC Bank Nevada, N.A. as the "Original Creditor" and the last four digits of the account as 7043. (Exhibit Three).

[ 8 ]

41.   The September 23, 2014 collection letter demanded the "Amount" of $6,702.54 on the account as of May 5, 2014.  (Exhibit Three).

42.   Mr. Tabbal mailed letters requesting validation of the debt to Defendants on two separate occassions at a cost of $7.88.  He requested that Defendants cease and desist from all collection efforts as the debt was disputed.  Those requests were ignored and Defendants continued in their collection efforts, including inaccurate reporting on Mr. Tabbal's credit reports, without ever providing any supporting documentation to Mr. Tabbal.

43.   Mr. Tabbal has suffered actual damages in an amount of at least $7.88 in postage and additional damages such as mileage costs and emotional distress due to Defendants' actions.

**CAUSES OF ACTION**

***COUNT ONE:***
***VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT***

**FIRST VIOLATION OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT:**
**FALSE OR MISLEADING REPRESENTATIONS**

44.   The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of

15 U.S.C. § 1692e.

45. The correspondence from Defendants demand odd amounts, *i.e.*, $6,702.54 as of May 15, 2013, $8,006.16 as of February 11, 2014, and then $6,702.54 as of June 6, 2014, August 12, 2014, and September 23, 2014.

46. Mr. Tabbal is confused as to how Defendants calculated the amounts owed and what authority they have to demand inconsistent and unfamiliar rates of interest.

47. A calculation of the time passed and the amounts demanded demonstrates that Defendant Midland added interest at an annual percentage rate of 26.10% from May 15, 2013 to February 11, 2014, but then that interest was mysteriously removed from the account in all the additional communications and the state court lawsuit.

48. Alternatively, Defendant Midland Funding asserts the account is accruing interest at a rate of 10.00% in its February 11, 2014 collection letter.

49. Mr. Tabbal asserts that neither 26.10% or 10.00% were the correct contractual rate of interest on his HSBC Bank Nevada, N.A. account ending in 7043.

50. A calculation of the time between the letters and the amounts demanded in the letters show that an unknown rate of interest and/or fees is being applied by Defendants. This makes the balance increase at a rate that

does not comply with the terms of the initial contract.

51.   By assigning different account balances and incorrect rates of interest to the underlying account, Defendants have confused Mr. Tabbal as to what amount of money he owes on this account.

52.   By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Mr. Tabbal as to what amount of money he owes on this account.

53.   These communications from Defendant Midland demand very odd amounts from Mr. Tabbal and he is confused as to how Defendant Midland calculated said amounts and what authority they have to demand unfamiliar and inconsistent rates of interest.

54.   Defendants never state the amount of interest being applied to the account in any of their correspondences.

55.   The "Original Creditor" is identified as "HSBC Bank Nevada, N.A.", the "Current Owner" is identified as "Midland Funding LLC", the "servicer" is identified as Midland Credit Management, Inc. (see Exhibits, emphasis in original).  Mr. Tabbal asserts that the differing names of the original creditor, current owner, and servicer are attempts to deceive him and keep him confused as to who he may owe.

56.   By using unknown creditor names, Defendants have confused the least sophisticated consumer as to which company he owes the money.

57.   Furthermore, by asserting in its letters that the "Current Owner" is Midland Funding LLC, but demanding payments be sent to Defendant Midland Credit Management at its address, Defendants have confused the least sophisticated consumer as to which company Mr. Tabbal allegedly owes the money.

58.   By changing who is collecting the debt, Defendants did mislead and confuse Mr. Tabbal as to who he owes for the underlying account.

59.   The letters from Defendants assert that the original account number ends in 7043, but assign an MCM account number of 8559305484. (see Exhibits).

60.   By changing the account number, Defendants did mislead and confuse Mr. Tabbal as to which account they were collecting.

**SECOND VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT:**
**<u>FALSE OR MISLEADING REPRESENTATIONS</u>**

61.   The acts of Defendants are violations of the FDCPA, including the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

62.    The actual amount of the alleged debt is certainly in question.  It is overly confusing as to what amount is owed on this account since the amount, of $6,702.54 is demanded as of May 15, 2013; the amount increases to $8,006.16 as of February 11, 2014; then the amount demanded mysteriously decreases back to $6,702.54 as of June 6, 2014, through September 23, 2014.

63.    In the past year, Defendants have effectively varied the rates of interest from 26.10% to 10.00%, and 0.00%.

64.    By demanding amounts that increase by irregular rates of interest, Defendants have confused Mr. Tabbal as to what amount of money, if any, he owes on this account.

65.    Mr. Tabbal asserts that the changing balances demanded by Defendants demonstrate that Defendants have no knowledge of the correct amount owed, if any.

66.    Defendants were adding interest to the account and making demands for amounts they knew were never owed.  They only corrected their conduct when they brought the account before the Hawaii State Courts.

67.    Defendants are attempting to keep Mr. Tabbal confused as to the amount owed so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by

him.

### THIRD VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT:
### <u>UNFAIR PRACTICES</u>

68.   Defendants' violations of the FDCPA also include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

69.   The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. § 1692f(1).

70.   The letters from Defendants assert that different balances are owed. After calculating the time that passed between the letters and the changes in the balance owed it is obvious the rate of interest charged was not applied consistently, and thus could not be in compliance with the original agreement creating the debt.

71.   Mr. Tabbal asserts his contractual annual percentage rate was never the amount of 26.10% to 10.00%, or 0.00%, which were the rates of interest charged by Defendant Midland between its May 15, 2013 letter and its

September 23, 2014 letter.

72. The cap on interest pursuant to Hawaii law is 24.00% on credit cards. See Haw. Rev. Stat. § 478-4.

73. Defendants are demanding rates of interest that are not authorized by the agreement creating the debt or permitted by law. This is further demonstrated by the fact that Defendants stopped the accrual of interest on the account when Mr. Tabbal disputed Defendant's demands.

74. Mr. Tabbal disputes that the original contract allowed the imposition of interest rates that vary, especially not the application of interest that varies from 0.000% to 26.100%

75. The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

## COUNT TWO:
## VIOLATIONS OF THE HAWAI'I REVISED STATUTES

## FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES:
## FALSE OR MISLEADING REPRESENTATIONS

76. The acts of Defendants constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor

or alleged debtor, or of its status in any legal proceeding.  Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

77.   The underlying debt is disputed.   Mr. Tabbal tried to explain his disputes and resolve them without litigation, but Defendants ignored his disputes and continued their collection efforts in spite of his dispute letters.

78.   The letters from Defendants demand odd amounts from Mr. Tabbal and he asserts they have demanded unfamiliar and inconsistent rates of interest and/or fees.

79.   The amount demanded by Defendants increased from $6,702.54 as of May 15, 2013 to $8,006.16 as of February 11, 2014; then the amount demanded mysteriously decreased to $6,702.54 as of June 6, 2014.

80.   A calculation of the time between the letters and the amounts demanded in the letters shows that inconsistent and unknown rates of interest and/or fees were being applied to the account.

81.   Furthermore, the balance increases at rates of interest that do not comply with the terms of the initial contract.

82.   By assigning different account balances and unknown rates of interest to the underlying account, Defendants have made one or more false representations or implications of the character, extent, or amount of money Mr. Tabbal owes on this account.

83.    A  calculation  of  the  time  passed  and  the  amounts  demanded
demonstrates  that  Defendants  added  interest  at  annual  percentage  rates  of
26.10%, 10.00%, and 0.00%..

84.    None of these rates are the contractual rate of interest.

85.    By  assigning  different  account  balances  and  interest  rates  to  the  same
account,  none  of  which  are  the  applicable  contractual  rate  of  interest,
Defendants  have  made  one  or  more  false  representations  or  implications  of
the character, extent, or amount of money Mr. Tabbal owes.

86.    Defendants  never  state  the  amount  of  interest  being  applied  to  the
account in any of their correspondences.

87.    The  letters  from  Defendants  demand  very  odd  amounts  from  Mr.
Tabbal and he is confused as to how Defendants calculated said amounts and
what authority they have to demand unfamiliar rates of interest.

88.    By  attempting  to  collect  unknown  and  unauthorized  amounts  through
false  and  deceptive  communications,  Defendants  have  deceived  Mr.  Tabbal
as to what amount of money he owes on this account.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

89.    Any  representation  that  an  existing  obligation  of  the  debtor  or  alleged
debtor may be increased by the addition of attorney's fees, investigation fees,

service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations violates Haw. Rev. Stat. § 443B-18(8).

90.   Upon information and belief, Mr. Tabbal asserts that Defendants did not have authority to impose additional fees on the originating account.

91.   By assessing unwarranted interest, fees or charges, as explained in detail above, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

92.   Defendants' collection of additional amounts are collection attempts for amounts not expressly authorized by the agreement.

## THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

93.   Defendants' violations of the Hawai'i Revised Statutes also include the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law. Such conduct violates Haw. Rev. Stat. § 443B-19(2).

94.   Upon information and belief, Mr. Tabbal asserts that Defendants did

not have authority to impose additional fees on the originating account.

95.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

96.   Defendants' collection of additional fees are collection attempts for amounts not expressly authorized by the agreement.

97.   A calculation of the time passed and the amount demanded demonstrates that Defendants assessed interest at the rates of 26.10%, 10.00%, and 0.00%.  None of these rates of interest is the contractual rate of interest.

98.   By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have made a false representation or implication of the character, extent, or amount of money Mr. Tabbal owes.

99.   Mr. Tabbal asserts that his original contract did not allow for the imposition of interest at rates that vary from 26.10% to 10.00%, and finally 0.00%.

100.   Defendants are demanding a rate of interest that is not permitted by law.  Hawaii Revised Statutes section 478-4 caps the rate of interest allowed on a consumer credit transaction with a financial institution at 24% per year.

101.   By demanding amounts that increase by 26.10%, a usury rate of interest under Hawaii law, Defendants have demanded an amount that was never legally chargeable to the debtor or alleged debtor and was not expressly authorized by law.

102.  The letters from Defendants demand very odd amounts from Mr. Tabbal and he has been deceived by Defendants' addition of illegitimate rates of interest.

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

103.  The acts of Defendants constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered.  Such conduct is a violation of Haw. Rev. Stat. § 443B-19(3).

104.  Upon information and belief, Mr. Tabbal asserts that Defendants did not have authority to impose additional fees on the originating account.

105.  Defendants are attempting to collect their collection agency fees or charges for services rendered, and is thus are violating Haw. Rev. Stat. § 443B-19.

## FIFTH VIOLATION OF THE HAWAI'I REVISED STATUTES:
## THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A
## DEBT

106. The collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law is a violation of Haw. Rev. Stat. § 443B-19(4).

107. The amounts demanded by Defendants increased from $6,702.54 as of May 15, 2013 to $8,006.16 as of February 11, 2014; then the amount demanded decreases to $6,702.54 as of June 6, 2014, August 12, 2014, and again on September 23, 2014.

108. A calculation of the time between the letters and the amounts demanded in the letters shows that the balance increased at rates that do not comply with the terms of the initial contract.

109. A calculation of the time passed and the amount demanded demonstrates that Defendant Midland is adding interest at annual percentage rates of 26.10% to 10.00%, and 0.00%. None of these rates were the contractual rate of interest.

110. Defendants are demanding amounts of interest which are expressly

forbidden by law.  Hawaii Revised Statutes section 478-4 caps the rate of interest allowed on a consumer credit transaction with a financial institution at 24% per year. By demanding amounts that increase by 26.10%, a usury rate of interest under Hawaii law, Defendants have demanded an amount that was never legally chargeable to the debtor and was not expressly authorized by law.

### SIXTH VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE REPRESENTATIONS AND THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

111. Section 443B-18 of the Hawai'i Revised Statutes requires debt collectors to "disclose clearly the name and full business address of the person to whom the claim has been assigned for collection or to whom the claim is owed at the time of making any demand for money" and prohibits "the use of any company name other than the true name of the collection agency."

112. By asserting, in its letters, that the "Current Owner" is Midland Funding LLC, but demanding payments be sent to Midland Credit Management, Inc. at its address, Defendants have violated Section 443B-18 of the Hawai'i Revised Statutes.

113. By changing who is collecting the debt, Defendants did mislead and

confuse Mr. Tabbal as to who he owes for the underlying account.

114. Mr. Tabbal mailed letters requesting validation of the debt to Defendants on two separate occasions at a cost of $7.88. He requested that Defendants cease and desist from all collection efforts as the debt was disputed. Those requests were ignored and Defendants continued in their collection efforts without ever providing any supporting documentation to Mr. Tabbal.

115. Mr. Tabbal has suffered actual damages in an amount of at least $7.88 in postage and additional damages such as mileage costs and emotional distress due to Defendants' actions.

116. As a result of Defendants' actions, Mr. Tabbal is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### Summary

117. The above-detailed conduct by Defendants and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to the above-cited provisions.

### Respondeat Superior Liability

118. In addition to their individual liability under the FDCPA, the acts and

omissions of Defendant Midland Funding and Defendant Midland as agents for the Defendant Encore were committed within the time and space limits of their agency relationship their principal, Defendant Encore.

119.  The acts and omissions by Defendant Midland Funding and Defendant Midland were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Encore in collecting consumer debts.

120.  By committing these acts and omissions against Plaintiff, Defendant Midland Funding and Defendant Midland were motivated to benefit their principal, Defendant Encore.

121.  Defendant Encore is therefore liable to Plaintiff through the Doctrine of Respondeat Superior, for the intentional and negligent acts, errors, and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Encore during their attempts to collect the debt from Plaintiff.

## **TRIAL BY JURY**

122.  Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against any or all Defendants and in favor of the Plaintiff as follows:

a)  Declaratory judgment that any or all Defendants violated Mr. Tabbal's rights under the Fair Debt Collection Practices Act;

b)  Declaratory judgment that any or all Defendants violated Mr. Tabbal's rights under the Hawai'i Revised Statutes;

c)  Injunctive relief ordering Defendants cease and desist from adding any interest to any account they service unless, and until, they have reviewed the original contract signed by the alleged debtor;

d)  That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

e)  That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

f)  That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

g)  That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

h)   That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

i)   That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

j)   That the Court declare all defenses raised by Defendants to be insufficient;

k)   A permanent injunction requiring Defendants cease their addition of interest to accounts in the course of their collection of consumer debts unless, and until, they have reviewed an original contract signed by the consumer; and

l)   Such other and further relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 12th day of November, 2014.

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954
Attorney for Plaintiff
1888 Kalakaua Ave., Suite C-312
Honolulu, HI  96815
justinbrackettlaw@gmail.com